*Filed in open court*
*FmT 6/16/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 05-10-SLR |
| JOSEF J. MURPHY, | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney, and Edmund D. Lyons, Jr., Esq., attorney for the defendant, Josef J. Murphy, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts One and Two of the Information. Count One charges the defendant with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and carries a maximum penalty of 20 years imprisonment, 3 years supervised release, a fine in the amount of $500,000 or twice the value of the property involved in the transaction, whichever is greater, and a $100 special assessment. Count Two charges the defendant with engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 and carries a maximum penalty of ten years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial on Count One of the Information, the Government would have to prove each of the following elements of that offense

beyond a reasonable doubt: (a) that the defendant knowingly conducted a financial transaction; (b) that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity; (c) that the property involved in the financial transaction, in fact, involved the proceeds of specified unlawful activity; and (d) that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the specified unlawful activity. The defendant further understands that if he were to proceed to trial on Count Two of the Information, the Government would have to prove each of the following elements of that offense beyond a reasonable doubt: (a) that the defendant engaged in a monetary transaction in or affecting interstate commerce; (b) that the monetary transaction involved criminally derived property of a value greater than $10,000; (c) that the property was derived from specified unlawful activity; and (d) that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

    3.    The defendant knowingly, voluntarily, and intelligently admits that: (a) from on or about April 14, 2000, through in or around December, 2004, he knowingly and willfully took 29 checks that were made payable to clients of his employer and deposited those checks into 15 separate accounts he had opened in the clients' names, all the while knowing that the checks were proceeds of a crime and knowing that the financial transactions were done in a way to disguise the ownership and control of the illegal proceeds; and (b) on or about September 9, 2004, he withdrew $87,000 in illegal proceeds and used that money in the purchase of a home located at _____ West Chester, PA 19382.

    4.    For purposes of determining the defendant's sentence under the sentencing

guidelines, the defendant understands that the District Court will refer to U.S.S.G. § 2B1.1. The parties agree that the intended loss for sentencing guidelines purposes is $10,694,267.49 - the value of the embezzled checks. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. Based on information known by the United States to date, at the time of sentencing the United States agrees to move for a three level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. § 3E1.1(b).

6. The defendant agrees to forfeit all property, real and personal, involved in the money laundering offenses, and all property traceable to such property, including, but not limited to the property listed in subparagraphs a.-c. below. The defendant acknowledges that the forfeitable property includes, without limitation, any such property that the defendant has transferred, or attempted to transfer to others, and any such property of which the defendant is the true owner, regardless of the name or names in which the property may be held. The defendant agrees that the forfeitable property includes, but is not limited to, the following specific property:

 a. the following financial accounts (hereinafter referred to collectively as the "Financial Accounts"): (1) approximately $4,435,120.87 contained in the following Atlantic Bank of New York accounts: 2930, 3425, 5939, 6021, 6137, 7192, and 9713; (2) approximately $19,899.38 contained in Atlantic Bank of New York account 4842;

(3) approximately $17,345.12 contained in First National Bank of Chester County account 6140; (4) approximately $1,449,245.00 contained in TD Waterhouse account 6198; and (5) approximately $2,175,581.86 contained in Ameritrade accounts 9320 and 1046. The defendant admits that the Financial Accounts and all the funds contained therein were involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i) within the meaning of 18 U.S.C. § 982(a)(1).

    b.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements located at West Chester, Pennsylvania 19382 (the "Real Property"). The defendant admits that the Real Property was involved in a violation of 18 U.S.C. § 1957 and is therefore forfeitable pursuant to 18 U.S.C. § 982(a)(1). The defendant further admits that the Real Property was purchased, in part, with funds constituting property traceable to property involved in his violations of 18 U.S.C. § 1956(a)(1)(B)(i). The defendant further admits that the inclusion of his spouse on the title to the Real Property was an act by him that made the forfeiture of the Real Property more difficult within the meaning of 21 U.S.C. § 853(p)(1)(B) and (E). As a result of that act of the defendant, the United States is entitled to forfeit substitute assets equal to the value of the defendant's interests in the Real Property. The defendant and the United States agree that the defendant shall forfeit $225,000 as a substitute asset (the "Substitute Asset"), and that this sum fairly represents the full value of the defendant's one-half interest in the Real Property. The defendant agrees to deliver the Substitute Asset to a representative of the Federal Bureau of Investigation not later than ten days prior to sentencing. The defendant agrees to deliver the Substitute Asset in the form of a certified check made payable to the United States Marshal Service.

    c.  The defendant warrants that defendant is the sole owner of the Financial

Accounts and the Substitute Asset and that the only other owner of the Real Property is his spouse. The defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

7. The defendant further agrees to forfeit all property, real and personal, involved in the money laundering offenses, and all property traceable to such property, including, but not limited to the assets referred to and/or specifically listed in paragraph 6 of this Memorandum of Plea Agreement, in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

8. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Memorandum of Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

9. The United States Attorney's Office agrees to recommend to the U.S. Attorney

General, through the Asset Forfeiture Money Laundering Section of the U.S. Department of Justice, that the forfeited funds be used to pay restitution. The defendant understands that, pursuant to 21 U.S.C. § 853(i)(1), the decision of whether the forfeited funds will be applied in this manner is committed to the discretion of the U.S. Attorney General.

10. The defendant agrees to pay any special assessments at the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Furthermore, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Edmund D. Lyons, Jr., Esq.  
Attorney for Defendant

BY: _____  
Beth Moskow-Schnoll  
Assistant United States Attorney

COLM F. CONNOLLY  
United States Attorney

_____  
Josef J. Murphy  
Defendant

_____  
Douglas McCann  
Assistant United States Attorney

Dated: June 16, 2005

AND NOW this __16th__ day of __June__, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____  
Honorable Sue L. Robinson  
Chief United States District Judge