# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Criminal Action No. 05-10-SLR |
| | : | |
| JOSEF J. MURPHY, | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR A PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, hereby moves for the entry of a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1.      On February 17, 2005, the United States Attorney for the District of Delaware filed a 2-count Information against the defendant. Count I charged the defendant with money laundering in violation of Title 18, Section 1956(a)(1)(B)(i). Count II charged the defendant with an illegal monetary transaction in violation of Title 18, Section 1957.

2.      The Information sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property involved in the charged offenses, and all property traceable to such property. The Notice of Forfeiture specifically identified $8,239,197.79 and the real property located at-------- ----- ------- West Chester PA 19382 (the "Real Property"). The Notice of Forfeiture also gave notice that the government would seek substitute assets if necessary.

3.      On June 16, 2005, the defendant signed a Memorandum of Plea Agreement where he agreed to plead guilty to Counts I and II of the Information. In connection with the entry of that

guilty plea, the defendant admitted that the following property was involved in the violations of

section 982(a)(1):

(1) approximately $4,435,120.87 contained in the following Atlantic Bank of New York accounts: ------ 2930, ------ 3425,------ 5939, ------ 6021, ------ 6137,------ 7192, and------ 9713;

(2) approximately $19,899.38 contained in Atlantic Bank of New York account ------4842;

(3) approximately $17,345.12 contained in First National Bank of Chester County account -------6140;

(4) approximately $1,449,245.00 contained in  TD Waterhouse account -------6198;

(5) approximately $2,175,581.86 contained in Ameritrade accounts -------- 9320 and -------- 1046 (collectively, the "Financial Accounts"); and

(6) the Real Property.

4.    With respect to the Real Property, the defendant admitted that he was involved in the

violations of Counts I and II of the Information, and that the inclusion of his spouse on the title

made the forfeiture of the property difficult within the meaning of 21 U.S.C. § 853(p)(1)(B) and

(E).  The defendant agreed to the forfeiture of substitute property in the amount of $225,000.  On

August 19, 2005, the defendant, through counsel, delivered a cashier's check (-----------

---------------- ) made payable to the United States Marshal's Service in the amount of $225,000.

5.    The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 982, which

provides that:

> [t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

6.    Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with

regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

(2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7.      Through the Memorandum of Plea Agreement and his statements at the June 16, 2005 change of plea hearing, the defendant admitted that the Financial Accounts and the Real Property were involved in the offenses to which he pled guilty.  Thus, the United States has established the requisite nexus between the property and the offenses to which the defendant pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

8.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. 982(b)(1) and 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once

for three successive weeks in an appropriate newspaper, notice of this Order, notice of the

Marshal's intent to dispose of the property in such manner as the Attorney General may direct

and notice that any person, other than the defendant, having or claiming a legal interest in the

property must file a petition with the Court (and serve a copy on Douglas E. McCann, Assistant

United States Attorney) within thirty (30) days of the final publication of notice or of receipt of

actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the

petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's

right, title or interest in the forfeited property and any additional facts supporting the petitioner's

claim and the relief sought. The United States may also, to the extent practicable, provide direct

written notice to any person known to have alleged an interest in the property that is the subject

of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so

notified.

9.      In accordance with the provisions of 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(m) and Rule

32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be

permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property

subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary

Order of Forfeiture forfeiting to the United States all property involved in the offenses charged

in Counts I and II of the Information, and all property traceable to such property.

Respectfully Submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ Douglas E. McCann
    Beth Moskow-Schnoll
    Douglas E. McCann
    Assistant United States Attorneys
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, Delaware  19899-2046
    (302) 573-6277
    douglas.mccann@usdoj.gov

DATED:      August 23, 2005

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :
                             :
           Plaintiff          :
                             :
           v.              :      Criminal Action No. 05-10-SLR
                             :
JOSEF J. MURPHY,           :
                             :
           Defendant.      :

## PRELIMINARY ORDER OF FORFEITURE

THIS ___ day of _____, 2005, IT IS HEREBY ORDERED that:

1.      As the result of guilty plea on Counts I and II of the Information, for which the government sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), the defendant, Josef Murphy, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

2.      The Court has determined, based on the defendant's admissions on the record on June 16, 2005 at his change of plea hearing, and the admissions contained in the Memorandum of Plea Agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and that the United States has established the requisite nexus between such property and such offenses:

      (a) approximately $4,435,120.87 contained in the following Atlantic Bank of New York accounts: ------ 2930, ------ 3425, ------ 5939, ------ 6021, ------ 6137,------ 7192, and ------ 9713;

      (b) approximately $19,899.38 contained in Atlantic Bank of New York account ------4842;

      (c) approximately $17,345.12 contained in First National Bank of Chester County account -------6140;

      (d) approximately $1,449,245.00 contained in  TD Waterhouse account------ 6198;

(e) approximately $2,175,581.86 contained in Ameritrade accounts---------9320 and 165-051046 (collectively, the "Financial Accounts"); and

(f)  the real property located at-------  ------------ , West Chester PA 19382 (the "Real Property").

3.     The Court has further determined, based on the defendant's admissions in paragraph 6(b) of the Memorandum of Plea Agreement that the government has satisfied its burden under 21 U.S.C. § 853(p) and is entitled to the forfeiture of a substitute asset in the form of a cashier's check (--------------------------- ) made payable to the United States Marshal's Service in the amount of $225,000 in lieu of the forfeiture of the Real Property.  The $225,000 cashier's check and the Financial Accounts are referred to hereafter as the "Subject Property."

4.     Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery proper in identifying, locating or disposing of the Subject Property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5.     Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6.     The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

7.     Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of

2

his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9.     Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

10.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

3

12.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I, Douglas E. McCann, hereby certify that this 23rd day of August, 2005, I served the foregoing Motion for a Preliminary Order of Forfeiture and proposed form of order by first class mail and a redacted version of the same by CM/ECF on the following:

Edmund. D. Lyons, Jr., Esquire
1526 Gilpin Avenue
P.O. Box 579
Wilmington, Delaware  19899-0579

_/s/ Douglas E. McCann_____
Douglas E. McCann
Assistant United States Attorneys
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware  19899-2046
(302) 573-6277
douglas.mccann@usdoj.gov