~~SEALED~~

*unsealed on 10/25/05 per DI # 32* —tmt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 05-10-SLR |
| JOSEF J. MURPHY, | : | |
| Defendant. | : | |

PRELIMINARY ORDER OF FORFEITURE

THIS 30th day of August, 2005, IT IS HEREBY ORDERED that:

1. As the result of guilty plea on Counts I and II of the Information, for which the government sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), the defendant, Josef Murphy, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

2. The Court has determined, based on the defendant's admissions on the record on June 16, 2005 at his change of plea hearing, and the admissions contained in the Memorandum of Plea Agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and that the United States has established the requisite nexus between such property and such offenses:

   (a) approximately $4,435,120.87 contained in the following Atlantic Bank of New York accounts: 1900 2930, 1900 3425, 2000 5939, 2000 6021, 2000 6137, 2000 7192, and 2000 9713;

   (b) approximately $19,899.38 contained in Atlantic Bank of New York account 10024842;

   (c) approximately $17,345.12 contained in First National Bank of Chester County account 4000-6140;

(d) approximately $1,449,245.00 contained in TD Waterhouse account 370-06198;

(e) approximately $2,175,581.86 contained in Ameritrade accounts 160-349320 and 165-051046 (collectively, the "Financial Accounts"); and

(f) the real property located at 759 Wesley Court, West Chester PA 19382 (the "Real Property").

3. The Court has further determined, based on the defendant's admissions in paragraph 6(b) of the Memorandum of Plea Agreement that the government has satisfied its burden under 21 U.S.C. § 853(p) and is entitled to the forfeiture of a substitute asset in the form of a cashier's check (Leesport, #4434236195) made payable to the United States Marshal's Service in the amount of $225,000 in lieu of the forfeiture of the Real Property. The $225,000 cashier's check and the Financial Accounts are referred to hereafter as the "Subject Property."

4. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery proper in identifying, locating or disposing of the Subject Property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

7. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice,

whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

10.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE

cc: